UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **Mildred O. Martínez-Rosario**, *Plaintiff* *v.* **Department of Defense Education Activity (DoDEA)** and **Lloyd J. Austin III**, in his official capacity as Secretary of Defense, *Defendants* | CIVIL NO. **3:26-cv-1203** *Demand for Jury Trial* |

## COMPLAINT

**TO THE HONORABLE COURT:**

This case arises from the unlawful termination of a dedicated *federal educator* whose career was ended not because she failed her employer, but because employer failed to accommodate her disability. After more than *fourteen years* of committed service as a teacher for the Department of Defense Education Activity ("DoDEA"), Plaintiff **Mildred O. Martínez-Rosario** developed serious progressively debilitating medical conditions that substantially limited her mobility and ability to perform certain physical tasks. Rather than honoring its legal obligation to accommodate her disability, and support her continued employment, Defendants ignored her repeated requests for assistance, disregarded documented medical limitations, and ultimately used those very limitations as a pretext to justify her removal. Defendants were fully aware of her medical condition, engaged discussions regarding accommodation, and received repeated medical documentation. Yet, instead of providing plaintiff with

1

reasonable accommodation or allowing her a short, medically necessary period to complete licensure requirements, Defendants used the very limitations caused by her disability as a basis to remove her from federal service. In doing so, Defendants transformed a solvable workplace challenge into a *career-ending decision*—one made despite their full knowledge of her condition, her ongoing efforts to comply with job requirements, and her request for disability retirement. Her termination—issued while she was preparing for surgery and after she had applied for disability retirement—was the culmination of a pattern of discriminatory, retaliatory, and procedurally deficient conduct in violation of federal law. This action seeks to hold Defendants accountable and to vindicate Plaintiff's rights under federal law.

## I. INTRODUCTION

1.     This is an action for declaratory, injunctive, and monetary relief arising from Defendants' unlawful *discrimination*, *failure to accommodate*, and *retaliation* against Plaintiff, a **long-serving federal teacher** employed by the Department of Defense Education Activity ("DoDEA").

2.     Plaintiff, a *qualified* educator with approximately **fourteen (14) years** of service, suffered from serious and worsening medical conditions that substantially limited major life activities, including mobility and physical functioning.

3.      Defendants were fully aware of Plaintiff's disability, engaged in discussions regarding reasonable accommodation, and *acknowledged* her medical limitations.

4.      Despite this knowledge, Defendants failed to provide reasonable accommodations and *instead* relied on the very limitations caused by Plaintiff's disability—specifically her inability to timely complete licensure credits—as the basis for her unlawful *removal* from federal service.

5.      On or about September 9, 2025, Defendants issued a final decision removing Plaintiff from her position for "failure to maintain a condition of employment."

6.      This stated reason is **pretextual**. The real basis for Plaintiff's removal was her *disability*, her *requests for accommodation*, and her *protected activity*, including seeking disability retirement and workplace accommodations.

## II. JURISDICTION AND VENUE

7.      This Court has jurisdiction pursuant to:

o      28 U.S.C. § 1331 (federal question)

o      29 U.S.C. § 794a (Rehabilitation Act)

o      42 U.S.C. § 2000e-16 (Title VII, as incorporated where applicable)

o      29 U.S.C. § 626 The Age Discrimination in Employment Act

o      The Fifth Amendment to the United States Constitution

3

8. This Court has authority to grant declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201–2202. Venue is proper in this District pursuant to 28 U.S.C. § 1391(e) because:

- Plaintiff was employed in Puerto Rico;

- The unlawful employment practices occurred in Puerto Rico; and

- Relevant records are maintained in this District.

## III. PARTIES

9. Plaintiff *Mildred O. Martínez-Rosario* is a resident of Puerto Rico and a former Social Studies teacher employed by DoDEA at Antilles Middle School, Fort Buchanan, Puerto Rico.

10. Defendant *Department of Defense Education Activity ("DoDEA")* is a federal agency within the U.S. Department of Defense and Plaintiff's employer.

11. Defendant *Lloyd J. Austin III*, in his official capacity as Secretary of Defense, is the proper defendant in this action pursuant to federal employment discrimination law.

## IV. ADMINISTRATIVE EXHAUSTION

12. Plaintiff received DoDEA decision removing her from federal service on or about September 9, 2025. Shortly after, the Plaintiff exhausted all required administrative remedies prior to filing this action.

4

13. Plaintiff initiates this civil action within the period permitted by law.

## V. FACTUAL ALLEGATIONS

### A. Plaintiff's Employment and Qualifications

14. Plaintiff is a 57-year-old educator with over 30 years of experience, including approximately 14 years with defendant DoDEA.

15. Plaintiff was employed as a Social Studies teacher at Antilles Middle School.

16. Plaintiff performed her duties competently and received positive evaluations throughout her tenure. She consistently performed her duties at a Fully Successful or Outstanding level.

17. Plaintiff remained capable of performing the essential functions of her position with reasonable accommodation.

### B. Plaintiff's Disability

18. Plaintiff suffers from serious chronic medical conditions that substantially limit major life activities, including mobility, physical endurance, and daily functioning. Plaintiff medical conditions include radiculopathy, severe osteoarthritis affecting multiple regions of her body, thyroid disorders, recurrent nephrolithiasis, and other conditions.

19.    These impairments substantially limited major life activities, including walking, standing, lifting and working.

20.    Plaintiff's condition progressively worsened over time, requiring medical treatment, resulting in hospitalizations, medical leave, and physical limitations.

21.    Defendants were aware of Plaintiff's disability and her medical conditions through repeated medical documentation and workplace interactions.

22.    Internal communications reflect acknowledgment of Plaintiff's "worsening medical condition," "mobility difficulties," and need for support.

### C. Requests for Accommodation and Interactive Process

23.    Beginning in the 2022–2023 school year, Plaintiff requested reasonable accommodations.

24.    Defendants initially provided limited accommodations, including assistive equipment and modified participation methods.

25.    Plaintiff later requested additional accommodations, including:

- Accessibility modifications (automatic doors);

- Assistance during emergency drills;

- Ergonomic equipment;

- Reduction in class size to accommodate mobility limitations;

6

- Remote or modified teaching arrangements.

26. Defendants denied or failed to implement these accommodations.

27. During a December 2024 meeting, Defendants dismissed Plaintiff's request for reduced class size despite known physical limitations.

28. Defendants were aware that Plaintiff's disability affected her ability to perform certain physical aspects of her job and ancillary requirements.

29. Plaintiff requested reasonable accommodations, including adjustments to her work environment and duties.

30. Defendants engaged in discussions regarding reasonable accommodation and initially acknowledged their obligation to support Plaintiff and explore accommodations.

31. Despite these discussions, Defendants failed to implement effective accommodations. Defendants failed to meaningfully engage in the interactive process required under federal law.

### *Leave, Medical Treatment, and Hostile Conduct*

32. Plaintiff utilized leave under the Family and Medical Leave Act (FMLA) for her own medical conditions and to care for her disabled son.

33. Defendants resisted Plaintiff's use of leave, demanded excessive medical information, and subjected her to scrutiny.

7

34. On October 8, 2024, immediately after emergency surgery, Plaintiff was issued a Letter of Counseling characterizing her medically necessary absences as an "onerous burden."

35. Plaintiff was denied the opportunity to have a witness present during disciplinary proceedings.

36. On December 17, 2024, Plaintiff received a Letter of Requirement demanding detailed medical information under threat of discipline.

37. These actions caused emotional distress and contributed to a hostile work environment.

### *AWOL Designation While Hospitalized*

38. Between March 31 and April 11, 2025, Plaintiff was hospitalized.

39. Plaintiff notified her supervisor and submitted medical documentation.

40. Despite this, Defendants marked her as AWOL.

41. Although later corrected, the damage to Plaintiff's record and reputation persisted.

### D. Licensure Requirement and Disability Impact

42. Plaintiff's position required completion of continuing education credits for licensure renewal.

43.     Plaintiff began completing required coursework, enrolled in additional courses and successfully completed at least one credit. Plaintiff enrolled in additional courses and continued working toward compliance.

44.     Plaintiff's medical condition, including hospitalizations and physical limitations, significantly interfered with her ability to complete coursework on schedule. Plaintiff's disability, including pain, mobility limitations, and medical treatment, substantially interfered with her ability to complete the credits within the prescribed timeframe.

45.     Defendants were aware that Plaintiff's medical condition impacted her ability to complete the required credits. Defendant were aware of these limitations.

46.     Despite this knowledge, Defendants failed to provide reasonable accommodations related to the completion of licensure requirements, including extensions or modified timelines.

47.     Defendant also failed to guide plaintiff or assist her despite knowing of the deficiency for an extended period of time. Defendant sought to exclude her from the workplace, because of her disability, using the uncompleted credits as pretext.

### E. Disciplinary Actions and Escalation

48.     Plaintiff received notices regarding licensure deficiencies.

49.     Plaintiff continued working and teaching students during this period.

50. Defendants allowed Plaintiff to continue performing her duties despite knowledge of the alleged deficiency.

51. Defendants issued escalating disciplinary actions, including a proposed removal.

## F. Disability Retirement Application

52. On or about April 2025, Plaintiff applied for disability retirement due to her worsening medical condition.

53. Defendants were aware of this application. Defendants participated in processing this application and were aware of its basis.

54. Plaintiff's application reflected the severity of her condition and her inability to continue working without accommodation.

55. Shortly thereafter, defendants escalated disciplinary actions against her.

## G. Removal Decision

56. On August 4, 2025, Plaintiff was presented with a Notice of Proposed Removal for failure to maintain licensure.

57. Plaintiff was not previously provided meaningful assistance or accommodation to address this issue.

58. Around the same time, a younger employee *Alina Rozanski* without known disabilities was assigned plaintiff's teaching responsibilities. That younger

employee received preferential treatment under circumstances where Plaintiff was denied accommodation.

59.   On August 13, 2025, Plaintiff submitted a written response, including:

- Medical documentation;

- Proof of enrollment in courses;

- Request for additional time as reasonable accommodation.

60.   On August 26, 2025, the Plaintiff presented an oral response explaining her condition and circumstances. Plaintiff informed defendant of her upcoming surgery.

61.   Despite this, on or about September 9, 2025, Defendants issued a final decision removing Plaintiff from federal service. With this adverse action defendants terminated plaintiff's federal employment effective immediately. Her termination occurred while the plaintiff was preparing for hospitalization.

62.   The stated reason for removal was failure to maintain licensure requirements.

63.   Defendants acknowledged Plaintiff's health issues but discounted them.

64.   Defendants failed to consider reasonable accommodations that would have allowed Plaintiff to complete licensure requirements.

65.    Defendants failed to consider extensions, modified timelines, or alternative accommodations.

## H. Pretext and Discriminatory Motive

66.    The stated reason for Plaintiff's removal -failure to complete licensure requirements- was pretextual. Plaintiff's inability to complete credits was directly related to her disability.

67.    Defendants used Plaintiff's disability-related limitations as a basis for termination. Defendants failed to accommodate this limitation and instead use it as a basis for her removal.

68.    Defendants tolerated the alleged deficiency for an extended period but chose to terminate Plaintiff shortly after her disability worsened and she sought retirement. Defendants failed to engage in good-faith interactive process.

69.    Internal communications show a predetermined intent to remove Plaintiff without meaningful consideration of accommodation.

70.    Defendants' actions were motivated by Plaintiff's disability and protected activity.

## I. Procedural Deficiencies in Removal Process

71.    Plaintiff had a constitutionally protected property interest in her continued federal employment.

72. Defendants were required to provide Plaintiff with constitutionally adequate procedural protections prior to removing her from federal service.

73. Although Defendants issued a notice of proposed removal, the process afforded to Plaintiff was not meaningful.

74. Defendants failed to adequately consider Plaintiff's medical condition and disability-related limitations in the decision-making process.

75. Defendants failed to consider material evidence, including Plaintiff's disability, medical conditions and reasonable accommodations requests.

76. Defendants failed to meaningfully evaluate Plaintiff's requests for accommodation in connection with the proposed removal.

77. Defendants' decision-making process was predetermined and lacked impartial consideration.

78. Internal communications demonstrate that Defendants had formed the intent to remove Plaintiff prior to completing any good-faith evaluation of her circumstances.

79. Plaintiff was deprived of a meaningful opportunity to respond to the real basis for her removal, including the failure to accommodate her disability.

80. Defendants' procedures were constitutionally inadequate and resulted in a deprivation of Plaintiff's property interest without due process of law.

## VI. CAUSES OF ACTION

13

## COUNT I

### Disability Discrimination (Rehabilitation Act, 29 U.S.C. § 794)

81.    Plaintiff incorporates all preceding paragraphs.

82.    Plaintiff is a qualified individual with a disability.

83.    Plaintiff was able to perform the essential functions of her job with reasonable accommodation.

84.    Defendants knew of Plaintiff's disability.

85.    Defendants subjected Plaintiff to adverse employment action, including removal.

86.    Plaintiff's disability was a motivating and/or determinative factor in Defendants' decision.

87.    Defendants violated the Rehabilitation Act.

## COUNT II

### Failure to Provide Reasonable Accommodation (Rehabilitation Act)

88.    Plaintiff incorporates all preceding paragraphs.

89.    Plaintiff requested reasonable accommodations.

90.    Defendants had a duty to engage in the interactive process.

91.    Defendants failed to provide reasonable accommodations.

92.    Defendants failed to engage in good faith in the interactive process.

93.    Defendants' failure caused Plaintiff harm.

14

## COUNT III

### Retaliation (Rehabilitation Act)

94.    Plaintiff incorporates all preceding paragraphs.

95.    Plaintiff engaged in protected activity, including:

- Requesting accommodations
- Participating in the accommodation process
- Applying for disability retirement

96.    Defendants subjected Plaintiff to adverse action.

97.    There is a causal connection between protected activity and removal.

98.    Defendants' actions constitute unlawful retaliation.

## COUNT IV

### Wrongful Termination / Pretext

99.    Plaintiff incorporates all preceding paragraphs.

100.   Defendants' stated reason for termination is false and *pretextual*.

101.   The real reason for termination was discriminatory and retaliatory.

102.   Defendants' conduct violated federal law.

## COUNT V

### Hostile Work Environment

103.   Plaintiff incorporates all preceding paragraphs.

104. Plaintiff was subjected to ongoing harassment and adverse treatment because of her disability.

105. Defendants' conduct was severe or pervasive, culminating with her removal.

106. Defendants' conduct violated federal law.

## COUNT VI

### Violation of Fifth Amendment Due Process (U.S. Constitution)

107. Plaintiff incorporates all preceding paragraphs.

108. Plaintiff had a protected property interest in her continued employment as a federal employee.

109. Defendants, acting under color of federal law, deprived Plaintiff of that property interest.

110. The procedures employed by Defendants were constitutionally deficient without adequate procedural safeguards.

111. Defendants failed to provide Plaintiff with a meaningful opportunity to be heard.

112. Defendants failed to provide an impartial and fair decision-making process.

113. Defendants' decision was predetermined and not the result of a fair evaluation of the evidence.

114.   Defendants failed to consider material evidence, including Plaintiff's disability, medical limitations, and need for accommodation.

115.   Defendants' actions deprived Plaintiff of due process of law in violation of the Fifth Amendment to the United States Constitution.

116.   As a direct and proximate result of Defendants' conduct, Plaintiff suffered damages.

### COUNT VII

### Violation of ADEA (Age Discrimination)

117.   Plaintiff incorporates all preceding paragraphs.

118.   At all relevant times the plaintiff belonged to a protected class of individuals because of her age (She was over 40 year of age), however, defendants sought to exclude her form the workplace because of her age, when a younger employee *Alina Rozanski*, was placed to teach the same courses and work schedule, on August 4, 2025, as the plaintiff. The younger employee received preferential treatment and was given plaintiff's work functions.

119.   Defendants unlawfully excluded plaintiff from the workplace because of her age, while giving her work functions to a younger employee. Defendants sought to find a pretextual excuse to remove the plaintiff from the workplace, while giving preferential treatment to the young person, who was allowed to stay working. Plaintiff was subjected to disparate treatment at work by defendants.

## VII. DAMAGES

120.  Plaintiff has suffered:

- Loss of income and benefits
- Emotional distress
- Reputational harm
- Economic losses, which also include *federal employment retirement*.

121.  Plaintiff is entitled to compensation in the amount of **$1,000,000.00** or

a reasonable amount according to proof during trial, which consists of:

- Back pay
- Front pay
- Compensatory damages
- Attorney's fees and costs
- Equitable relief

## VIII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

a. Declare that Defendants violated federal law;
b. Reinstate Plaintiff or award front pay in lieu thereof;
c. Award back pay and benefits;
d. Award compensatory damages;
e. Award attorney's fees and costs;
f. Grant injunctive relief;
g. Declare that Defendants violated Plaintiff's rights under the Fifth Amendment to the United States Constitution; and
h. Grant any further relief deemed just and proper.

## IX. JURY DEMAND

Plaintiff respectfully requests a *jury trial* on all issues triable to a jury.

In San Juan, Puerto Rico, on this 3rd. Day of April 2026.

Respectfully submitted,

<u>/S/ Winston Vidal-Gambaro</u>
Winston Vidal-Gambaro
**USDC-PR 130401**
PO Box 193673
San Juan, Puerto Rico 00919-3673
Tel. (787) 751-286
Email: <u>wvidal@prtc.net</u>

<u>/S/ Humberto Cobo-Estrella</u>
Humberto Cobo-Estrella, Esq.
**USDC-PR230108**
PO Box 366451
San Juan, Puerto Rico 00936-6451
Tel. (787) 529-7140
Email: *hcobo@hcounsel.com*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an operation of the Court's electronic filing system. Parties may access this filing through the Court's system.  I further certify that a copy of the foregoing pleading will be served by U.S. mail upon all parties for whom counsel has not yet entered an appearance electronically.

/S/ Humberto Cobo-Estrella, Esq.
*Attorney for the Plaintiff*

20